UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN J. DELACRUZ,

      Petitioner,

      v.                     Case No. 05-C-0664

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

      Respondent.

**ORDER REGARDING QUESTION OF EXHAUSTION**

On June 21, 2005, the petitioner, John J. Delacruz ("Delacruz"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The judge to whom the case was originally randomly assigned, the Honorable Thomas J. Curran, ordered that the respondent file her answer on or before August 1, 2005. The respondent filed her answer on July 28, 2005. In the meantime, both parties consented to magistrate judge jurisdiction. Thus, on August 1, 2005, Judge Curran reassigned the case to this court.

In her answer the respondent asserts, inter alia, that the petitioner has not exhausted his available state court remedies with respect to three of the four grounds of his petition, i.e., grounds two through four. Thus, she argues that the petition is a mixed petition and should therefore be dismissed without prejudice, then allowing the petitioner to return to state court to exhaust those claims or, in the alternative, the petitioner could choose to proceed in this federal habeas action on the lone exhausted claim.

An application for a writ of habeas corpus may be granted on the grounds that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Title 28 U.S.C. § 2254(b)(1) provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>   (A) the applicant has exhausted the remedies available in the courts of the State;
>   (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

A claim is considered exhausted only if the petitioner has provided the state courts with a full and fair opportunity to review his claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This generally requires appealing state court decisions all the way to the state supreme court. *See O'Sullivan*, 526 U.S. at 847. Moreover, a petition for writ of habeas corpus should be dismissed without prejudice if state remedies are not exhausted as to any one of the petitioner's claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

In light of the foregoing, the petitioner is hereby ordered to advise the court and counsel for the respondent how he wishes to proceed in this action. Specifically, <u>on or before August 22, 2005</u>, the petitioner shall advise the court whether he wishes to proceed in this federal habeas action only on his first claim and not on claims two through four or, in the alternative, that he wishes his federal habeas petition to be dismissed without prejudice so that he might return to state court to exhaust his state court remedies with respect to such three unexhausted claims.

**SO ORDERED** this 3rd day of August 2005, at Milwaukee, Wisconsin.

          /s/ William E. Callahan, Jr.
          WILLIAM E. CALLAHAN, JR.
          United States Magistrate Judge