UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN J. DELACRUZ,

    Petitioner,

v.                                  Case No. 05-C-0664

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

    Respondent.

**ORDER DENYING MOTION FOR RECONSIDERATION AND
DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

On April 5, 2006, this court issued a decision and order denying John J. Delacruz's ("Delacruz") petition for a writ of habeas corpus and dismissing the action. Thereafter, on April 18, 2006, Delacruz filed a Motion for Reconsideration and a Request for a Certificate of Appealability. In support of his motion for reconsideration Delacruz asserts in conclusory fashion that "this court[']s decision was not in line with the case law set forth in this court that would clearly have made the petitioner eligible for an evidentiary hearing in this court." (Mot.) I have reviewed both Delacruz's motion for reconsideration and my decision of April 5, 2006. I remain satisfied that my decision of April 5, 2006 was correct. Thus, Delacruz's motion for reconsideration will be denied.

Delacruz also seeks a certificate of appealability "so that he may further appeal this matter to the Seventh Circuit Court of Appeals." (Mot.) Delacruz's request for a certificate of appealability will also be denied.

Before Delacruz may take his appeal to the Court of Appeals for the Seventh Circuit, the district court must consider whether to grant him a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). Although the relevant statute states that an appeal may not be taken unless a "circuit justice or judge" grants a certificate of appealability, Rule 22 of the Federal Rules of Appellate Procedure provides that "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

Under § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court of appeals has held that this standard differs only in scope from the certificate of probable cause standard that was previously developed and applied by the courts. *Herrera v. United States*, 96 F.3d 1010, 1012 (7th Cir. 1996). The *Herrera* court said that "a certificate of probable cause places the *case* before the court of appeals, but a certificate of appealability must identify each *issue* meeting the 'substantial showing' standard." *Id*. Thus, in order for the court to issue a certificate of appealability to Delacruz, it must identify for the court of appeals the issues that are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (emphasis added) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). This test was reiterated in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), *rev'd on other grounds, Miller-El v. Dretke*, 125 S.Ct. 2317 (June 13, 2005).

2

> Consistent with our prior precedent and the text of the habeas corpus statute, we reiterate that a prisoner seeking a COA need only demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

*Id.* at 327.

Delacruz's habeas corpus petition was predicated on a claim of ineffective assistance of counsel. After reviewing my decision and order of April 5, 2006, I am satisfied that Delacruz should not be issued a certificate of appealability. Simply stated, I am persuaded that jurists of reason could not disagree with this court's resolution of Delacruz's constitutional claim nor could jurists conclude the issues presented are adequate to deserve encouragement to proceed further. Consequently, the court will deny Delacruz's request for a certificate of appealability. Of course, Delacruz retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW THEREFORE IT IS ORDERED** that Delacruz's motion for reconsideration be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that Delacruz's request for a certificate of appealability in this action be and hereby is **DENIED**.

**SO ORDERED** this  19th  day of April 2006, at Milwaukee, Wisconsin.

        s/ William E. Callahan, Jr.
        WILLIAM E. CALLAHAN, JR.
        United States Magistrate Judge